UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRYAN JOHNATHAN PARENT,

Plaintiff,

v.

ALTA LANGDAN ET AL.,

Defendants.

Case No. 2:22-cv-1279-TLF

ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT

This matter comes before the Court on Defendants' filing of a motion for summary judgment. Dkt. 25. Plaintiff, who proceeds pro se, brought this suit under 42 U.S.C. § 1983 alleging (1) a violation of the Fourteenth Amendment by Jose Briones, Chief of the Corrections Division of the Island County Sheriff's Office, and (2) a violation of the Fourteenth Amendment by Alta Langdan, Medical Director at the Island County Jail. Dkt. 11 at 3-5. Plaintiff did not file a response to Defendants' motion. The parties consented to the jurisdiction of the Magistrate Judge. Dkt. 14, 17. For the reasons set forth below, the Court GRANTS Defendants' motion for summary judgment and DISMISSES Plaintiff's complaint with prejudice.

## FACTUAL ALLEGATIONS

At the time of his complaint, Plaintiff was a pretrial detainee at Island County Correctional Facility. Dkt. 11 (Amended Complaint) at 2. Plaintiff alleges that he was participating in a "suboxone program" prior to his arrest on October 27, 2021. Dkt. 11 at

4. Plaintiff states that he alerted the Jail to his prescription for suboxone upon his arrest. *Id*. at 5. However, Plaintiff alleges that Defendant Langdan denied his request for the medication on November 13, 2021. *Id*.

After contacting his attorney, Plaintiff was transferred to Skagit County Jail on November 24, 2021. *Id*. *See also* Dkt. 26, Declaration of Jose Briones, at ¶3. Plaintiff returned to Island County Jail on February 24, 2022, where his medical records show that he was treated with suboxone through at least August 22, 2022. Declaration of Jose Briones, at ¶3.; Dkt. 12 at 3-9, 11, 13-14. Plaintiff alleges that he uses suboxone to treat substance abuse and symptoms of mental health concerns, including suicidal ideation. Dkt. 11 at 5.

Plaintiff alleges that he suffered from inadequate medical care as a pretrial detainee because he was not initially provided with suboxone. Dkt. 11 at 4. He claims that the initial denial of suboxone was a violation of his Fourteenth Amendment right to adequate medical care as a pretrial detainee. *Id*. As a result, he asserts that he is entitled to punitive damages under 42 U.S.C. § 1983. *Id*. at 4, 9.

## DISCUSSION

### I.    Summary Judgment Standard

Summary judgment is proper when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Facts which might affect the outcome of a case are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A factual dispute is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*. at 249. When

1    deciding if a genuine issue of material fact exists, the Court must believe the evidence

2    of the non-moving party and draw reasonable inferences in their favor. *Id*. at 255; *United*

3    *States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1013 (9th Cir.2006).

4          One of the purposes of summary judgment is to dispose of factually unsupported

5    claims. *Celotex*, 477 U.S. at 322. Therefore, a moving party is entitled to summary

6    judgment when a nonmoving party who bears the burden of proof at trial does not

7    sufficiently show an essential element of their case. *Id*.

8          To defeat a motion for summary judgment, the nonmoving party must go beyond

9    the pleadings to affirmatively establish a genuine issue of material fact on the merits of

10    their case. Fed. R. Civ. P. 56(e). The nonmoving may not simply deny the veracity of

11    everything offered or produce only a scintilla of evidence in hopes of creating a genuine

12    factual dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

13    (1986); *Anderson*, 477 U.S. at 252. If the nonmoving party ultimately fails to prove an

14    essential element of their case for which they bear the burden of proof, this "necessarily

15    renders all other facts immaterial," and the moving party is entitled to judgment as a

16    matter of law. *Celotex*, 477 U.S. at 323.

17    **II.**     **Section 1983 Standard**

18          To state a claim under 42 U.S.C. § 1983, a complaint must allege: (a) the

19    conduct complained of was committed by a person acting under color of state law, and

20    (b) the conduct deprived a person of a right, privilege, or immunity secured by the

21    Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535

22    (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986).

23

24

25

1   Government officials are entitled to qualified immunity in suits against them for an

2   alleged violation of a constitutional right unless a plaintiff makes a two-part showing.

3   *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The plaintiff must show that officials violated

4   a constitutional right *and* that this right was "clearly established." *Id*. A court may

5   consider the two prongs in whatever order it chooses. *Pearson v. Callahan*, 555 U.S.

6   223, 236 (2009).

7   When qualified immunity is reviewed in the context of a defense motion for

8   summary judgment, the evidence must be considered in the light most favorable to the

9   plaintiff with respect to central facts.  *Tolan v. Cotton,* 572 U.S. 650, 657 (2014) (per

10  curiam). If there is a genuine issue of material fact concerning both: (1) Whether the

11  defendant's conduct violated a constitutional right and (2) Whether it would be clear to a

12  reasonable officer that their conduct was unlawful under the circumstances they

13  confronted, then summary judgment granting qualified immunity is not appropriate.

14  *Bonivert v. City of Clarkston,* 883 F.3d 865, 871-72 (9th Cir. 2018).

15  As discussed below, viewed in light most favorable to the Plaintiff, the facts do

16  not show that the Defendants' acts violated Plaintiff's Constitutional rights. Accordingly,

17  the Defendants are entitled to qualified immunity because the first prong of the qualified

18  immunity test is not satisfied.

19  **III.    Plaintiff's Fourteenth Amendment Claim**

20  The Due Process Clause of the Fourteenth Amendment prohibits the government

21  from punishing pretrial detainees "prior to an adjudication of guilt in accordance with the

22  due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Plaintiff asserts that

23

24

25

ORDER GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 4

1   Defendants violated the Fourteenth Amendment by providing inadequate medical care.

2   Dkt. 11 at 4.

3       Both the Fourteenth and Eight Amendment provide a minimum standard of care

4   for determining the rights of a pretrial detainee to medical treatment. *Gordon v. Cnty. of*

5   *Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018). Inadequate medical care claims are

6   treated as claims challenging a pretrial detainee's "conditions of confinement" and are

7   judged under an "objective deliberate indifference standard." *Id*. at 1125.

8       When bringing an inadequate medical care claim against an individual defendant

9   under the Due Process Clause of the Fourteenth Amendment, a plaintiff must show: "(i)

10  the defendant made an intentional decision with respect to the conditions under which

11  the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of

12  suffering serious harm; (iii) the defendant did not take reasonable available measures to

13  abate that risk, even though a reasonable official in the circumstances would have

14  appreciated the high degree of risk involved—making the consequences of the

15  defendant's conduct obvious; and (iv) by not taking such measures, the defendant

16  caused the plaintiff's injuries." *Id*. at 1125.

17      The "mere lack of due care" by an official does not violate the Fourteenth

18  Amendment; the plaintiff must prove "more than negligence but less than subjective

19  intent—something akin to reckless disregard." *Id*. (quoting *Daniels*, 474 U.S. at 330-31).

20  Thus, while a plaintiff need not show that a prison official intended to harm them, they

21  must show that the official "knew of and disregard[ed]" the substantial risk of harm to

22  plaintiff's health. *Edmo v. Corizon, Inc.*, 935 F.3d 757 (9th Cir. 2019) (quoting *Lemire v.*

23

24

25

*Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (alterations in original)).

To survive Defendants' motion for summary judgment, Plaintiff must establish a genuine issue of material fact as to the existence of the *Gordon* elements—against each defendant— in his case.

### a.  Plaintiff's Claim Against Defendant Briones

As the non-moving party, Plaintiff must present evidence showing a genuine issue of material fact as to each of the *Gordon* factors. Beyond naming him as a defendant, Plaintiff does not allege any decision made by Defendant Briones regarding Plaintiff's medical care. Dkt. 11 at 4-5. At the time of Plaintiff's complaint, Defendant Briones was the Chief of the Corrections Division of the Island County Sheriff's Office. *See* Declaration of Jose Briones, at ¶2. Defendant Briones denies any involvement in Plaintiff's medical treatment. *See* Declaration of Jose Briones, at ¶5.

Defendant Briones did not violate Plaintiff's Fourteenth Amendment rights because he did not make any intentional decisions with respect to Plaintiff's medical care. Plaintiff has not presented any additional evidence beyond the pleadings to establish a genuine issue of material fact as to how Defendant Briones personally participated in Plaintiff's alleged constitutional violation. Thus, summary judgment is GRANTED as to Plaintiff's claim against Defendant Briones.

### b.  Plaintiff's Claim Against Defendant Langdan

Plaintiff further claims that Defendant Langdan violated his Fourteenth Amendment right to medical care as a pretrial detainee when Langdan allegedly denied Plaintiff suboxone. Plaintiff, however, must present evidence beyond his own conclusory

allegations that Defendant Langdan's decision to deny suboxone put him at substantial risk of suffering serious harm *and* that Defendant Langdan knew and disregarded this risk. *See Taylor v. List*, 880 F.2d 1040, 1045-46 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."); *see also Quintana v. Santa Fe Cnty. Bd. of Commissioners*, 973 F.3d 1022, 1032 (10th Cir. 2020) (affirming dismissal of inadequate medical treatment claim when plaintiff, a pretrial detainee, did not exhibit any symptoms of illness or medical emergency related to heroin withdrawal).

Plaintiff does not claim that he suffered any harm because of Defendant Langdan's initial denial of suboxone. Plaintiff states in his amended complaint that he was treated with suboxone for suicidal ideation in January of 2020, over one and a half years before the events giving rise to this claim. Dkt. 11 at 5. Even if the Court inferred that denial of suboxone placed Plaintiff at serious risk of suicide, Plaintiff has not shown that Defendant Langdan knew that he was previously treated with suboxone for his mental health.

Further, Plaintiff does not claim or show that he suffered from suicidal ideation or any other injuries as a result of Defendant Langdan's actions. Finally, Plaintiff does not provide evidence that a reasonable medical provider in the same circumstances would have made a different decision from Defendant Langdan.

Construed liberally, Plaintiff's complaint appears to allege that Defendant Langdan's delay in prescribing suboxone constituted objective deliberate indifference to his medical needs. Deliberate indifference may manifest as a delay in medical treatment. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Delay would

only amount to a possible violation of the Fourteenth Amendment when the delay is harmful. *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985); *cf., Jett v. Penner*, 439 F.3d 1091, 1097 (9th Cir. 2006) (reversing district court's grant of summary judgment under the Eighth Amendment standard, when months-long delay in treatment of plaintiff's finger fracture—despite his multiple requests for medical attention—directly resulted in deformity, pain, and malalignment).

As stated above, Plaintiff has not alleged any harm related to Defendant Langdan's initial and temporary denial of suboxone. Therefore, Defendant Langdan's delay in medical treatment does not amount to deliberate indifference.

For the purposes of summary judgment, Plaintiff has not provided additional evidence beyond the pleadings to establish a genuine issue of material fact as to whether Defendant Langdan violated plaintiff's Fourteenth Amendment rights. Thus, the Court GRANTS summary judgment as to Plaintiff's claim against Defendant Langdan.

1

## **CONCLUSION**

2          Based on the foregoing discussion, the Court GRANTS Defendants' motion for

3   summary judgment and DISMISSES Plaintiff's complaint. Viewed in the light most

4   favorable to Plaintiff on the Defendants' motion for summary judgment, the facts do not

5   show a genuine dispute of material facts. Accordingly, Defendants are entitled to

6   qualified immunity because the first prong of the qualified immunity test is not satisfied.

7

8

9          Dated this 29th day of November, 2023.

10

11

12

13                                            Theresa L. Fricke
                                              United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

ORDER GRANTING DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT - 9